## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DOMINICK RUSSO; JAMES RUSSO; and FFC SEAFOOD, INC., | ) ) ) | Case No. 1:24-cv-00186-WS-M |
| Plaintiffs, | ) ) | **MOTION TO DISMISS FOR** |
| v. | ) ) | **IMPROPER VENUE OR, IN THE** **ALTERNATIVE, TO TRANSFER TO** |
| GINA RAIMONDO, in her official capacity as Secretary of Commerce; JANET COIT, in her official capacity as Assistant Administrator for Fisheries; and NATIONAL MARINE FISHERIES SERVICE, | ) ) ) ) ) ) ) | **A PROPER VENUE** |
| Defendants. | ) ) ) ) ) ) | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

TABLE OF ACRONYMS ............................................................................................. v

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 1

    I.    Magnuson-Stevens Act ............................................................................ 1

    II.   Factual Background ................................................................................. 4

    III.  Procedural Background ........................................................................... 5

STANDARD OF REVIEW ........................................................................................... 5

ARGUMENT ................................................................................................................. 6

    I.    Plaintiffs Cannot Establish Venue Under 28 U.S.C. § 1391(e). ................... 6

        A.   The Defendants Do Not Reside in this District. ........................................ 6

        B.   The Vast Majority of the Operative Facts Giving Rise to Plaintiffs' Claims Occurred Outside this District. ................................................. 8

        C.   Plaintiffs Do Not Reside in this District. ............................................... 9

    II.   The Magnuson-Stevens Act Does Not Provide for Venue in this District. .................. 10

    III.  If this Court Declines to Dismiss this Case, a Transfer of Venue is Appropriate. ....... 11

CONCLUSION ............................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*A.J. Taft Coal Co. v. Barnhart*,
    291 F. Supp. 2d 1290 (N.D. Ala. 2003) ............................................................. 7

*Alabama v. U.S. Army Corps of Eng'rs*,
    382 F. Supp. 2d 1301 (N.D. Ala. 2005) ............................................................. 6

*Anglers Conservation Network v. Pritzker*,
    809 F.3d 664 (D.C. Cir. 2016) ........................................................................... 3

*Binion v. U.S. Dep't of Agric.*,
    No. 2:18-CV-544-MHT-KFP, 2021 WL 835075 (M.D. Ala. Feb. 3, 2021) ..................... 7

*Flowers Indus., Inc. v. F.T.C.*,
    835 F.2d 775 (11th Cir. 1987) ......................................................................... 10

*Gyamfi v. Acosta*,
    No. 2:18-cv-00778-RDP, 2018 WL 3928994 (N.D. Ala. Aug. 16, 2018) ...................... 9

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003) ......................................................................... 8

*Kramer v. Mosbacher*,
    878 F.2d 134 (4th Cir. 1989) ........................................................................ 2, 10

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979) ........................................................................................ 6

*N.C. Fisheries Ass'n, Inc. v. Gutierrez*,
    550 F.3d 16 (D.C. Cir. 2008) ............................................................................. 3

*Olberding v. Illinois Cent. R.R. Co.*,
    346 U.S. 338 (1953) ........................................................................................ 6

*Pac. Solar Energy, S.A. de C.V. v. U.S. Dept. of the Treasury*,
    No. 16-25324, 2017 WL 6730069 (S.D. Fla. Dec. 29, 2017) ................................... 7

*Pinson v. Rumsfeld*,
    192 Fed. App'x 811 (11th Cir. 2006) ................................................................ 5

*Rogers v. Civil Air Patrol*,
    129 F. Supp. 2d 1334 (M.D. Ala. 2001) ......................................................... 5, 8

ii

*Turbyfill v. Scottsdale Indem. Co.*,
    No. 3:14cv283-RV/EMT, 2016 WL 741657 (N.D. Fla. Feb. 24, 2016)............................ 7

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ................................................................................ 11

*Wai v. Rainbow Holdings*,
    315 F. Supp. 2d 1261 (S.D. Fla. 2004) ................................................................ 6

*Wisner v. Locke*,
    No. 8:11-CV-1283-T-33AEP, 2011 WL 6019933 (M.D. Fla. Dec. 2, 2011) .................. 10

**Statutes**

15 U.S.C. § 1501 ................................................................................................ 7

16 U.S.C. § 1801 ................................................................................................ 1

16 U.S.C. § 1801(a)(6) ........................................................................................ 1

16 U.S.C. § 1801(b)(1) ........................................................................................ 2

16 U.S.C. § 1801(b)(3) ........................................................................................ 2

16 U.S.C. § 1801(b)(5) ........................................................................................ 2

16 U.S.C. § 1802(11) .......................................................................................... 1

16 U.S.C. § 1802(39) .......................................................................................... 2

16 U.S.C. § 1811(a) ............................................................................................ 1

16 U.S.C. § 1852(a) ............................................................................................ 2

16 U.S.C. § 1852(b) ............................................................................................ 3

16 U.S.C. § 1852(e) ............................................................................................ 3

16 U.S.C. § 1852(f)(6) ........................................................................................ 3

16 U.S.C. § 1852(h) ............................................................................................ 3

16 U.S.C. § 1852(h)(1) ........................................................................................ 3

16 U.S.C. § 1852(h)(3) ........................................................................................ 3

16 U.S.C. § 1852(i) ................................................................................................................ 3

16 U.S.C. § 1852(i)(2) ........................................................................................................... 3

16 U.S.C. § 1852(g) ............................................................................................................... 3

16 U.S.C. § 1853(c) ............................................................................................................... 3

16 U.S.C. 1854 ....................................................................................................................... 4

16 U.S.C. § 1854(b) ............................................................................................................... 4

16 U.S.C. § 1854(b)(3) .......................................................................................................... 4

16 U.S.C. § 1855(d) ............................................................................................................... 3

16 U.S.C. § 1855(f) ................................................................................................................ 5

16 U.S.C. § 1855(f)(1) ....................................................................................................... 4, 10

16 U.S.C. § 1855(f)(1)(A) ...................................................................................................... 5

16 U.S.C. § 1855(f)(3)(A) ...................................................................................................... 5

16 U.S.C. § 1855(f)(1)(B) ...................................................................................................... 4

16 U.S.C. § 1861(d) .......................................................................................................... 5, 10

28 U.S.C. § 1331 .................................................................................................................... 5

28 U.S.C. § 1331(e) ............................................................................................................... 5

28 U.S.C. § 1391(e) ........................................................................................................... 6, 10

28 U.S.C. 1406 ....................................................................................................................... 6

28 U.S.C. § 1406(a) .......................................................................................................... 1, 11

28 U.S.C. § 2201 .................................................................................................................... 5

28 U.S.C. § 2202 .................................................................................................................... 5

**Federal Register**

89 Fed. Reg. 40419 (May 10, 2024) ................................................................................... 4, 5

## TABLE OF ACRONYMS

ACL             Annual Catch Limit

APA             Administrative Procedure Act

DOO             Departmental Organizational Order

EEZ             Exclusive Economic Zone

FMP             Fishery Management Plan

NMFS            National Marine Fisheries Service

NOAA            National Oceanic and Atmospheric Administration

SSC             Scientific and Statistical Committee

**INTRODUCTION**

Dominick Russo, James Russo, and FFC Seafood, Inc. (Plaintiffs) challenge a Final Rule promulgated by the National Marine Fisheries Service (NMFS) that implements Amendment 56 to the Gulf of Mexico Reef Fish Fishery Management Plan pursuant to the Magnuson-Stevens Fishery Conservation and Management Act (Magnuson-Stevens Act). [Doc. 1, PageID.1, ¶¶ 2-3]. Amendment 56 was prepared by the Gulf of Mexico Fishery Management Council (Gulf Council). Plaintiffs allege that Gulf Council members were appointed in violation of the Appointments Clause of the U.S. Constitution and that the members are protected from removal in violation of the Executive Vesting and Take Care Clauses of the U.S. Constitution. [Doc. 1, PageID.2, ¶¶ 4-5]. Plaintiffs allege that, based on these violations, NMFS could not issue the regulation. *Id.* ¶ 6. As discussed below, this District is an improper venue for Plaintiffs to pursue these claims because neither Defendants nor Plaintiffs reside in this District and the operative facts giving rise to Plaintiffs' claims are the alleged actions or inactions of Defendants in Florida, Maryland, and Washington, D.C. Accordingly, Defendants respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, this Court should transfer this case to a proper venue pursuant to 28 U.S.C. § 1406(a).

**BACKGROUND**

I.    **Magnuson-Stevens Act**

The Magnuson-Stevens Act, 16 U.S.C. § 1801 *et seq*., establishes a national program for conservation and management of fishery resources with federal jurisdiction over such resources within the U.S. exclusive economic zone (EEZ). *Id.* §§ 1801(a)(6), 1811(a). For purposes of the Magnuson-Stevens Act, the EEZ extends from the seaward boundary of each coastal State out to

1

200 nautical miles. *Id.* § 1802(11). Key purposes of the Magnuson-Stevens Act are to "take immediate action to conserve and manage the fishery resources found off the coasts of the United States. . ." and "promote domestic commercial and recreational fishing under sound conservation and management principles. . . ." *Id*. § 1801(b)(1), (3). NMFS, acting under authority delegated from the Secretary of Commerce, is responsible for managing fisheries pursuant to the Magnuson-Stevens Act.[1] *See id.* § 1802(39) (defining the term "Secretary" to mean "the Secretary of Commerce or his designee"); *Kramer v. Mosbacher*, 878 F.2d 134, 135 (4th Cir. 1989) (Congress conferred on the Secretary "broad authority to manage and conserve coastal fisheries").

To assist the Secretary in fishery management, the Magnuson-Stevens Act established eight regional fishery management councils, 16 U.S.C. § 1852(a), that "enable the States, the fishing industry, consumer and environmental organizations, and other interested persons to participate in, and advise on, the establishment and administration of [fishery management] plans," *id.* § 1801(b)(5). Voting members of the Councils include federal, state, and territorial fishery management officials, and individuals nominated by state governors and appointed by the

---

[1] In Departmental Organizational Order 10-15 (DOO 10-15), the Secretary delegated "the functions prescribed in the [Magnuson-Stevens Act]" including "issuing implementing or emergency regulations, under Sections 304 and 305 of the Act," to the Under Secretary of Commerce for Oceans and Atmosphere, who serves as the Administrator for the National Oceanic and Atmospheric Administration (NOAA). DOO 10-15 § 3.01(aa)(4) (Dec. 12, 2011), https://www.commerce.gov/opog/directives/DOO_10-15 (last visited Aug. 1, 2024). In DOO 10-15, the Secretary provided that the NOAA Administrator may further "delegate his/her authority . . . to any employee of NOAA" subject to conditions prescribed by the Administrator or DOO 10-15. DOO 10-15 § 3.05. In accordance with DOO 10-15, the NOAA Administrator subsequently delegated authority for the issuance of regulations to the Assistant Administrator. NOAA Organizational Handbook, Transmittal No. 61, Part II(C)(26) (Feb. 24, 2015), *see* https://www.noaa.gov/sites/default/files/legacy/document/2020/Mar/transmittal-61.pdf (last visited Aug. 1, 2024). The managerial task of signing the regulations has been delegated to the Deputy Assistant Administrator for Regulatory Programs. *Id.* Part III.

Secretary who are knowledgeable regarding the conservation and management, or the commercial or recreational harvest, of fishery resources within the designated geographic areas assigned to each council. *Id.* § 1852(b). Each council has a scientific and statistical committee (SSC) that provides ongoing scientific advice for fishery management decisions, as well as other expert panels to assist the Council in carrying out its advisory functions under the Act. *Id.* § 1852(g). Councils, SSCs, and advisory panels conduct their business in public meetings, pursuant to procedures prescribed by the Magnuson-Stevens Act and written procedures established by each council. *Id.* § 1852(e), (f)(6), (h), (i).

Congress directed the Councils to prepare and submit to NMFS fishery management plans (FMPs) for any fishery that requires conservation and management, and FMP amendments "that are necessary from time to time." *See id.* § 1852(h)(1). FMPs are developed through a public process that can take several years and that includes notice of meetings of Councils, SSCs, and advisory panels; opportunity for interested persons to submit oral and written statements during those meetings; and public hearings. *Id.* § 1852(h)(3), (i)(2). FMPs are not self-implementing; "regulations must also be enacted in order to effectuate them." *N. C. Fisheries Ass'n, Inc. v. Gutierrez*, 550 F.3d 16, 17 (D.C. Cir. 2008). NMFS is responsible for carrying out FMPs and FMP amendments and has authority to promulgate any regulations as may be necessary to discharge that responsibility or carry out any Magnuson-Stevens Act provision. 16 U.S.C. § 1855(d). Councils do not have authority to promulgate regulations. *See Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 667 (D.C. Cir. 2016) ("The Mid-Atlantic Council, like all regional Councils, has no authority to promulgate federal rules.").

The Councils' responsibility for regulations is limited to preparing proposed regulations necessary or appropriate for: (1) implementing an FMP or FMP amendment or (2) modifying

existing regulations. 16 U.S.C. § 1853(c). The Secretary, through the Assistant Administrator, who is the head of NMFS, then reviews the proposals, and, if appropriate following notice and comment, promulgates regulations. *Id.* § 1854. NMFS reviews proposed regulations for consistency with the relevant FMP, the Magnuson-Stevens Act, and any other applicable law, and pursuant to a process set forth in the Magnuson-Stevens Act, publishes proposed rules, solicits public comment, and promulgates final rules. *Id.* § 1854(b). NMFS may revise the proposed regulations and promulgate its own version of the final rule, after consulting the Council and publishing an explanation of the revision in the Federal Register. *Id.* § 1854(b)(3).

The Magnuson-Stevens Act provides for judicial review of final regulations promulgated by NMFS under the Magnuson-Stevens Act and any actions taken by the Secretary under the regulations. *Id.* § 1855(f)(1). The scope of review and allowable relief that courts may order in such cases is circumscribed. Regulations may be set aside only "on a ground specified in section 706(2)(A), (B), (C), or (D)" of the Administrative Procedure Act (APA). *Id.* § 1855(f)(1)(B).

## II.    Factual Background

Gag grouper in the Gulf of Mexico is found primarily off the coast of Florida. 89 Fed. Reg. 40419 (May 10, 2024). Gag is managed as a single stock that is allocated into annual catch limits (ACLs) for the commercial and recreational fishing sectors. *Id.* A stock assessment was completed in 2021, which concluded that the stock was overfished and that overfishing was continuing to occur. *Id.* at 40420. The Gulf Council began discussing the implications of this assessment. *Id.*; *see* Strelcheck Decl. ¶ 3. Over the course of two years, the Gulf Council discussed gag at nine meetings. Strelcheck Decl. ¶ 3. Six of those meetings occurred in Florida, Mississippi, Louisiana, and Texas; three occurred in Alabama. *Id.* During the same period, the SSC discussed the gag assessment at five meetings and the Gulf Council's Reef Fish Advisory

4

Panel discussed the assessment once and Amendment 56 once; all seven of those meetings occurred in the Gulf Council office in Tampa, Florida. *Id.* The Gulf Council held four in-person public hearings on Amendment 56; all four of those hearings occurred in Florida. *Id.*

The Gulf Council recommended changes for the management of gag through Amendment 56. 89 Fed. Reg. at 40420. Among other things, it recommended establishment of a rebuilding plan for the stock, revisions to the commercial-recreational allocation, and new sector ACLs. *Id.* In October 2023, NMFS published a notice of availability for the review of Amendment 56 and requested public comment. *Id.* at 40419. In November 2023, NMFS published a Proposed Rule to implement Amendment 56. *Id.* NMFS subsequently approved Amendment 56 in January 2024. *Id.* On May 10, 2024, NMFS issued a Final Rule, which took effect on June 1, 2024. *Id.* The Assistant Administrator approved the Proposed Rule, the Amendment itself, and the Final Rule prior to their publication.

## III.    Procedural Background

On June 9, 2024, Plaintiffs filed their complaint in this case. The complaint alleges jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, 2202 and 16 U.S.C. §§ 1855(f), 1861(d). [Doc. 1, PageID.2, ¶ 7]. The complaint alleges venue under 28 U.S.C. § 1391(e). [Doc. 1, PageID.3, ¶ 8]. The Magnuson-Stevens Act requires NMFS to file a responsive pleading within 45 days; it does not provide for preliminary injunctive relief. 16 U.S.C. § 1855(f)(3)(A), (f)(1)(A).

### STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(3) allows a defendant to bring a motion to dismiss on the basis of improper venue. In response to such a motion, "[t]he plaintiff has the burden of showing that venue in the [chosen] forum is proper." *Pinson v. Rumsfeld*, 192 Fed. App'x 811, 817 (11th Cir. 2006) (citation omitted); *Rogers v. Civil Air Patrol,* 129 F. Supp. 2d 1334, 1336 (M.D. Ala.

2001). "Whenever a plaintiff brings a case in an improper venue, the court must dismiss the case, or, in the interest of justice, transfer the case to a forum in which the plaintiff could have filed it originally." *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1327-28 (N.D. Ala. 2005) (citing 28 U.S.C. § 1406). In ruling on a 12(b)(3) motion, "the court may consider matters outside the pleadings such as affidavit testimony. . . ." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citation omitted).

## ARGUMENT

In their Complaint, Plaintiffs assert venue pursuant to 28 U.S.C. § 1391(e). [Doc. 1, PageID.3, ¶ 8]. As discussed below, venue is improper in this District under that provision.

### I.      Plaintiffs Cannot Establish Venue Under 28 U.S.C. § 1391(e).

In order for venue to be proper under 28 U.S.C. § 1391(e), a plaintiff must bring suit:

[I]n any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Illinois Cent. R.R. Co.*, 346 U.S. 338, 340 (1953)); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 184 n.18 (1979). None of the three venue bases listed in 28 U.S.C. § 1391(e) exists in this case.

### A.  The Defendants Do Not Reside in this District.

Venue is not proper in this District because none of the named Defendants resides in the District. Plaintiffs filed suit against three Federal Defendants: Gina Raimondo, in her official capacity as the Secretary of Commerce; Janet Coit, in her official capacity as Assistant

Administrator for Fisheries; and NMFS. [Doc. 1, PageID.4, ¶¶ 14-16]. For purposes of venue, "a federal agency or officer resides where it performs its official duties." *Binion v. U.S. Dep't of Agric.*, No. 2:18-CV-544-MHT-KFP, 2021 WL 835075, at *9 (M.D. Ala. Feb. 3, 2021), *report and recommendation adopted*, No. 2:18-CV-544-MHT, 2021 WL 833050 (M.D. Ala. Mar. 4, 2021) (quoting *Pac. Solar Energy, S.A. de C.V. v. U.S. Dept. of the Treasury*, No. 16-25324, 2017 WL 6730069, at *2 (S.D. Fla. Dec. 29, 2017)); *see A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003) (noting that an official's residence "is the place where she performs her official duties") (citation omitted).

Secretary Raimondo is the head of the Department of Commerce and performs her official duties in Washington, D.C. *See* https://www.commerce.gov/bureaus-and-offices/commerce (last visited Aug. 1, 2024)[2]; *see* 15 U.S.C. § 1501 ("There shall be at the seat of government an executive department to be known as the Department of Commerce, and a Secretary of Commerce. . . ."). Assistant Administrator Coit performs her official duties in Silver Spring, Maryland. Strelcheck Decl. ¶ 4; *see* https://www.fisheries.noaa.gov/about-us#where-we-work (last visited Aug. 1, 2024); https://www.fisheries.noaa.gov/contact/noaa-fisheries-directorate (last visited Aug. 1, 2024). NMFS, a Federal agency, is headquartered in Silver Spring, Maryland. Strelcheck Decl. ¶ 5; *see* https://www.fisheries.noaa.gov/about-us#where-we-work (last visited Aug. 1, 2024). NMFS also has five regional offices. Strelcheck

---

[2] The Court can take judicial notice of information available to the public on official government websites. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also, e.g.*, *Turbyfill v. Scottsdale Indem. Co.*, No. 3:14cv283-RV/EMT, 2016 WL 741657, at *2 (N.D. Fla. Feb. 24, 2016) (taking judicial notice of information available to the public via the official website of the Department of Health).

Decl. ¶ 5. The Southeast Regional Office, which handles matters that arise from the Gulf

Council, is based in St. Petersburg, Florida. Strelcheck Decl. ¶ 6; *see* https://www.fisheries.noaa.

gov/about/southeast-regional-office (last visited Aug. 1, 2024). The Southeast Regional Office

includes several Field Offices, but none is located in Alabama. Strelcheck Decl. ¶ 6.

In sum, the first basis for venue is not present in this case.

**B. The Vast Majority of the Operative Facts Giving Rise to Plaintiffs' Claims Occurred Outside this District.**

Venue is improper based on the operative facts involved because a substantial portion of

the events giving rise to the claims occurred outside of Alabama. As in *Rogers v. Civil Air*

*Patrol*, the gravamen of the complaint is that the statute—here the Magnuson-Stevens Act—is

unconstitutional. 129 F. Supp. 2d at 1339. Thus, Plaintiffs' "suit is a challenge to federal

legislation drafted by Congress and signed by the President in the District of Columbia." *Id.* In

their only allegation related to the events that occurred in Alabama, Plaintiffs allege that the Gulf

Council's final vote on Amendment 56 occurred in Mobile, Alabama. [Doc. 1, PageID.5, ¶ 20].

But while this event is relevant to the development of Amendment 56, it does not form a

substantial part of the development of the Final Rule that is challenged in this case. Indeed,

because Councils lack the authority to promulgate regulations, a Council vote—in and of itself—

cannot result in a regulation like the one at issue here. *See supra* at 3. NMFS issued the Final

Rule and none of NMFS's actions occurred in Alabama. In *Rogers*, the Court determined that the

events that occurred in Alabama were "only tangentially related to the dispute at the heart of this

case" and concluded that though "these events certainly may be relevant to Plaintiff's claim, they

do not meet the substantiality component of section 1391(e)(2)." 129 F. Supp. 2d at 1339; *see*

*Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ("Only the events that

directly give rise to a claim are relevant" to determining whether venue is appropriate in a particular district). The same is true here.

Moreover, as described above and in the accompanying declaration from the Regional Administrator, nearly all the events that give rise to the claims in this case occurred *outside* of Alabama. First, Amendment 56 was discussed over the course of nine Gulf Council meetings that occurred primarily in states other than Alabama, namely Florida, Mississippi, Louisiana, and Texas. Strelcheck Decl. ¶ 3. Second, the Gulf Council held four in-person public hearings on Amendment 56, all of which occurred in Florida (Ft. Myers, Cedar Key, St. Petersburg, and Destin). *Id.* Third, the SSC discussed the gag grouper stock assessment at five meetings, while the Advisory Panel discussed the assessment at one meeting and Amendment 56 at another meeting; each of these meetings occurred at the Gulf Council office in Tampa, Florida. *Id.* Fourth, the NMFS staff responsible for reviewing the proposed amendment are in Florida. *Id.* ¶ 7. Fifth, the Assistant Administrator, who approved each of the relevant actions taken by NMFS, performs her work in Maryland. *Id.* ¶ 4. Sixth, the documents that support these decisions are maintained in Florida. *Id.* ¶¶ 3, 8.

For these reasons, the second basis for venue is not present in this case.

### C. Plaintiffs Do Not Reside in this District.

Plaintiffs do not rely on their residence for venue, nor could they. *See Gyamfi v. Acosta*, No. 2:18-cv-00778-RDP, 2018 WL 3928994, at *2 (N.D. Ala. Aug. 16, 2018) ("Plaintiff has not alleged that any of the Defendants reside in this district, nor does he reside in this district. Accordingly, this court is not a proper venue for this action."). Plaintiff Dominick Russo purports to reside in Sarasota, Florida; Plaintiff James Russo purports to reside in Tampa, Florida; and Plaintiffs allege that FFC Seafood, Inc. is located in Sarasota, Florida. [Doc. 1,

PageID.3, ¶¶ 10-12]. While Defendants take no position on the veracity of these claims, it is clear from Plaintiffs' own filing that neither individual Plaintiff resides in the District and that the corporate Plaintiff is not located in the District.[3] Accordingly, the third basis for venue is not present in this case.

## II.     The Magnuson-Stevens Act Does Not Provide for Venue in this District.

Plaintiffs invoke two provisions in the Magnuson-Stevens Act in their allegations about jurisdiction, but venue in this District does not lie under either provision. Section 305(f) provides that "[r]egulations promulgated by the Secretary under this chapter . . . shall be subject to judicial review to the extent authorized by, and in accordance with" the APA. 16 U.S.C. § 1855(f)(1). This provision does not speak to the issue of where a cause of action may be pursued. Section 311(d) provides that the "district courts of the United States shall have exclusive jurisdiction over any case or controversy arising under the provisions of this chapter." *Id.* § 1861(d). But this provision merely provides for jurisdiction in federal district courts. Moreover, courts "have recognized that review under the terms of § 1861(d) has been generally restricted to direct enforcement actions, usually involving the seizure and condemnation of vessels." *Kramer*, 878 F.2d at 136; *see also Wisner v. Locke*, No. 8:11-CV-1283-T-33AEP, 2011 WL 6019933, at *6 (M.D. Fla. Dec. 2, 2011). In sum, Plaintiffs cannot cure their venue defect through the Magnuson-Stevens Act.

---

[3] For purposes of 28 U.S.C. § 1391(e), "a corporation resides only in the state in which it is incorporated." *Flowers Indus., Inc. v. F.T.C.*, 835 F.2d 775, 777 (11th Cir. 1987). Consistent with the allegations, it appears that FFC Seafood is incorporated in Florida. *See* https://search.sunbiz.org/Inquiry/corporationsearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=FFCSEAFOOD%20P200000948540&aggregateId=domp-p20000094854-8ccdb179-6756-4dff-aff9-65887badd77e&searchTerm=FFC%20SEAFOOD%20INC&listNameOrder=FFCSEAFOOD%20P200000948540 (last visited Aug. 1, 2024).

### III.   If this Court Declines to Dismiss this Case, a Transfer of Venue is Appropriate.

For the reasons discussed above, venue is not proper in this District. Accordingly, Defendants respectfully request that the Court grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3). While Defendants believe that dismissal is appropriate, Defendants alternatively move to transfer this case to a proper venue. For the reasons discussed above, venue is appropriate in the Middle District of Florida (given Plaintiffs' and Defendants' residence), the District of Maryland (given the focus on NMFS's decision-making process, some of which occurred there), or the District of the District of Columbia (given that Plaintiffs' challenge the constitutionality of the statute and one of the Defendants resides there). *See*, *e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (the appropriate venue depends on "individualized, case-by-case consideration of convenience and fairness").

### CONCLUSION

For the reasons discussed above, this District is an improper venue for Plaintiffs to pursue their claims. Accordingly, Defendants respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, this Court should transfer this case to a proper venue pursuant to 28 U.S.C. § 1406(a).

Dated:  August 1, 2024                    Respectfully submitted,

                                          TODD KIM
                                          Assistant Attorney General
                                          S. JAY GOVINDAN
                                          Section Chief
                                          MEREDITH L. FLAX
                                          Deputy Section Chief

OF COUNSEL

                                          */s/ Frederick H. Turner*
MARA B. LEVY                              FREDERICK H. TURNER
National Oceanic and Atmospheric          Senior Trial Attorney

11

Administration
Office of General Counsel
St. Petersburg, FL

Wildlife and Marine Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0641
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

KEITH A. JONES
Assistant United States Attorney, Civil Chief
United States Attorney's Office
Southern District of Alabama

*Attorneys for Defendants*