UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINICK RUSSO; JAMES RUSSO; FFC SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce; JANET COIT, in her official capacity as Assistant Administrator for Fisheries; and NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | Civil Action No. 1:24-cv-00186-WS-M <br><br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs James and Dominick Russo are commercial fishermen in Florida. Their suit challenges the rule implementing Amendment 56 to the Reef Fish Resources of the Gulf of Mexico Fishery Management Plan, 89 Fed. Reg. 40,419 (May 10, 2024) ("Rule"), which restricts James and Dominick's fishing quota for gag grouper off the coast of Florida. The Government moves to dismiss Plaintiffs' case for improper venue or, in the alternative, to transfer to a proper venue. ECF No. 17 ("Mot.").

Venue is proper in this District, however, because the most substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of Alabama. Plaintiffs claim that Defendants lacked authority to promulgate the Rule because a precondition of promulgation is that the Gulf of Mexico Fishery

1

Management Council ("Council") must first properly adopt the Rule and Amendment 56, but the Council lacked authority to adopt those measures due to its unconstitutional structure. Because the Council adopted the Rule and Amendment 56 here, in this District, the key action giving rise to Plaintiffs' claims occurred within this District. Accordingly, venue is proper in the Southern District of Alabama. If the Court finds that venue is improper, however, it should transfer the case to the Middle District of Florida rather than dismiss.

## Background

### 1. The Plaintiffs

Plaintiffs James and Dominick Russo are commercial fishermen who work in fisheries managed by the Gulf of Mexico Fishery Management Council. ECF No. 1 ¶ 11 ("Compl."). They have worked in the commercial fishing industry all their lives. James introduced Dominick to the industry when the latter was just 13-years old. Together they own FFC Seafood, Inc., and run two commercial fishing boats. *Id.* ¶¶ 9–10, 12. Each season one of their primary catches is gag grouper. *Id.* ¶ 11.

### 2. The Rulemaking Procedure of the Magnuson-Stevens Act and the Gulf Council

Federal fisheries are regulated principally through the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801–1891d (the "Magnuson-Stevens Act" or "Act"). The Act creates eight Regional Fishery Management Councils to manage federal fisheries. *Id.* § 1852(a). Each Council develops fishery management plans ("FMPs") and FMP amendments and regulations

to implement the FMP or amendment. *See id.* §§ 1852, 1853.[1] Once a Council adopts an FMP or amendment and an implementing regulation, the Secretary of Commerce "immediately" reviews the measures for lawfulness and then, if the measures are lawful, promulgates the implementing regulation. *Id.* § 1854(a)–(b). Plaintiffs alleged that, given that the Secretary may reject a measure only for unlawfulness, the rulemaking procedure puts all policymaking power in the Councils' hands. *See* Compl. ¶¶ 67–68.

One such Council is the Gulf of Mexico Fishery Management Council. The Council is given "authority over the fisheries in the Gulf of Mexico seaward of" Texas, Louisiana, Mississippi, Alabama, and Florida. 16 U.S.C. § 1852(a)(1)(E). The Council is an independent entity within the Executive Branch, not contained within any other agency or Executive Department. Compl. ¶ 39.

### 3. Amendment 56 and the Rule

The federal fisheries of the Gulf of Mexico are governed, in part, by the Fishery Management Plan ("FMP") for the Reef Fish Resources of the Gulf of Mexico ("Reef FMP"). The Reef FMP regulates and manages gag grouper and other reef fish. Under the Plan, the Annual Catch Limits ("ACLs") of gag grouper are divided between recreational and commercial fishermen. *Id.* ¶ 19.

In June 2023, the individuals purporting to hold Council seats voted to amend the Reef FMP at a meeting in Mobile, Alabama. *Id.* ¶ 20. The amendment, known as

---

[1] The Secretary may assist in the Councils' development of FMPs through "advisory guidelines," but these guidelines "shall not have the force and effect of law." *Id.* § 1851(b).

3

Amendment 56, reduces the commercial catch limit by nearly 85%. *Id.* ¶ 27. At the same meeting in Mobile, those individuals also voted to approve a regulation to implement Amendment 56. *Id.* ¶¶ 20, 26.

NMFS approved both Amendment 56 and the Rule. *Id.* ¶¶ 25–27. The agency then promulgated the Rule on May 10, 2024. *Id.* ¶ 27; Fisheries of the Caribbean, Gulf of Mexico, and South Atlantic; Reef Fish Resources of the Gulf of Mexico; Amendment 56, 89 Fed. Reg. 40,419 (May 10, 2024).

**Standard**

In a civil action against the Government, venue is proper "in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1)(B). The statute's text emphasizes that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). Those events must "have a close nexus to the wrong" being challenged. *Id.* at 1372 (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Under 28 U.S.C. § 1391, venue can be proper in more than one judicial district. *See, e.g., id.* at 1371.

On a Rule 12(b)(3) motion to dismiss for improper venue, "the plaintiff must present only a prima facie showing of venue." *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). And in making this showing, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Id.*

4

# Argument

1. **The most substantial event giving rise to Plaintiffs' claims occurred inside this District.**

Venue is proper in the Southern District of Alabama because the key event giving rise to Plaintiffs' claims is the Council's adoption of Amendment 56 and its implementing regulation, and that adoption undisputedly occurred in Mobile, Alabama.

Plaintiffs' challenge centers on the Council's adoption of Amendment 56 and the Rule. Plaintiffs allege the Secretary of Commerce did not have the power to promulgate the Rule because, under the relevant rulemaking provision, 16 U.S.C. § 1854(b), she can only approve and promulgate a regulation that has been validly adopted by the Council. Compl. ¶¶ 30–33. Furthermore, the regulation must be supported by an FMP or FMP amendment that has been validly adopted by the Council. 16 U.S.C. §§ 1854(b), 1853(c)(1); Compl. ¶¶ 32–33. The Council, however, did not validly adopt Amendment 56 or the Rule. Plaintiffs allege that the putative Council members were not appointed consistent with the Constitution's Appointments Clause and are not removable at will in violation of the Executive Vesting Clause. As a result, their adoption of the relevant measures in Mobile, Alabama, was void, and the Secretary lacked the necessary statutory predicate to promulgate the Rule, which must therefore be set aside. 16 U.S.C. § 1855(f)(1)(B); 5 U.S.C. § 706(2)(B)–(D); Compl. ¶¶ 3–6.

The core defect alleged by Plaintiffs' suit is thus the Council's final vote on Amendment 56 and the Rule, which occurred in this District. That vote clearly has a

"close nexus" to the Secretary's promulgation of the Rule, given that it is a precondition of that promulgation. *Jenkins Brick*, 321 F.3d at 1372 (quoting *Woodke*, 70 F.3d at 985). For the same reason, that action "directly give[s] rise" to Plaintiffs' claims. *Id.* at 1371; *see Anthony Sterling, M.D. v. Provident Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1195, 1205 (M.D. Fla. 2007) (In evaluating venue, courts may consider actions taken by individuals other than the defendants, so long as the actions form a substantial part of the events giving rise to the claim.). Thus, regardless of whether venue is also proper elsewhere, it is proper in the Southern District of Alabama.

In this section of the argument, Defendants only cite *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334 (M.D. Ala. 2001), but that case does not help Defendants' argument. In *Rogers*, the court held the events that occurred in the Middle District of Alabama were "only tangentially related" to the case because the plaintiff did not allege "any significant activity that took place within this judicial district, prior to the filing of Plaintiff's Complaint." *Id.* at 1339. And because the event alleged to have occurred in the district "succeeded the filing of the Complaint" it "could not logically have given rise to Plaintiff's claims." *Id.*

The present case stands in stark contrast to *Rogers*. The Council's final vote on Amendment 56 and the Rule took place in the Southern District of Alabama before this suit was filed. And the Council's final vote is the most substantial event giving rise to Plaintiffs' claims because it is the wrongful action that prompted Defendants' approval and promulgation of the Rule and makes that approval and promulgation unlawful.

In fact, *Rogers* supports Plaintiffs' choice of venue here. *Rogers* instructs that venue would be proper in the District of Columbia when a plaintiff is challenging the constitutionality of "federal legislation drafted by Congress and signed by the President in the District of Columbia." *Id.* Here, Plaintiffs are challenging the constitutionality of the Council's authority to adopt Amendment 56 and the Rule. The Council exercised that authority in Mobile, Alabama. Just as Congress passing legislation in the District of Columbia makes it a proper venue, the Council voting on Amendment 56 and the Rule in the Southern District of Alabama makes venue proper here. Defendants' later promulgation of the Rule is like the President's signature of legislation—an important action that does not deprive the predicate act of its significance.

And the Government wrongly argues that "the gravamen" of the Complaint is that a federal "statute—the Magnuson-Stevens Act—is unconstitutional." Mot. 14. Cases and controversies are not vehicles to decide abstract questions of constitutionality. Courts must decide concrete issues in the context of actual actions and injuries. *See generally Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297–98 (1979) (explaining the difference between a concrete case or controversy and an abstract question of federal law). Though Plaintiffs allege that the Act unlawfully vests power in the Council, that power manifests in *this* case in the Council's adoption of Amendment 56 and its implementing regulation, resulting in Defendants' promulgation of the Rule. *Id.* Accordingly, Plaintiffs' requested relief runs against the Rule only; they seek no injunction nor declaratory relief against the statute. Hence,

7

the gravamen of the complaint is that Defendants unlawfully promulgated the Rule due to the Council's unconstitutional exercise of authority in Mobile.

The Government also misunderstands the venue statute when it argues that venue is improper "because a substantial portion of the events giving rise to the claim occurred outside of Alabama." Mot. 8. The venue statute "contemplates some cases in which venue will be proper in two or more districts," *Jenkins Brick*, 321 F.3d at 1371, so courts have recognized that sometimes "the substantial parts of the events that give rise to [a] Plaintiffs' claims occur[] in multiple districts," *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1261 (N.D. Fla. 2019) (holding that a substantial part of the events giving rise to the plaintiffs' claims occurred in both the Middle District of Florida and the Northern District of Florida). Thus, a substantial portion of events giving rise to the claim can occur *outside* of the Southern District of Alabama and venue can still be proper if a substantial portion of events giving rise to the claim occurred *inside* of the Southern District of Alabama. *See McCants v. Alabama-W. FL Conf. of the United Methodist Church, Inc.*, No. 08-0686-KD-C, 2009 WL 1537868, at *2 (S.D. Ala. June 1, 2009) ("Asserting that venue is proper in another location does not render venue improper in the location selected by [the plaintiffs].").

Furthermore, all the events cited by the Government that occurred outside of this District are insignificant compared to the events that occurred inside this District. Defendants point to Council discussions on Amendment 56, public hearings, and discussions of gag grouper stock assessment in various locations. Mot. 9. But these events do not have a close nexus to the wrong alleged in this case, and so do not

8

constitute a substantial part of the events giving rise to Plaintiffs' claims. Of the Councils' various actions, only the final vote has a "close nexus" to the alleged wrong in this case. This is made clear by the fact that the final vote is the *only* significant Council action under the Magnuson-Stevens Act's rulemaking scheme. 16 U.S.C. § 1854(a)–(b).

Likewise, lesser staff's "review[]" of Amendment 56 and the Rule in Florida, Mot. 9, is not an event that gave rise to the claim. Nor is the maintenance of documents in Florida. *Id.*; *see Jenkins Brick Co.*, 321 F.3d at 1371–72 (Manufacture of trailers and execution of agreement had "an insubstantial connection with the kinds of events that give rise to a claim" for trademark violation. (quoting *Woodke*, 70 F.3d at 985)).

And although the Assistant Administrator's approval of Amendment 56 and promulgation of the Rule are relevant to the claim, Mot. 9, the fact that she took the last step in the rulemaking process does not prevent earlier actions from playing a substantial part in the rulemaking process. *Jenkins Brick*, 321 F.3d at 1372 (holding that, in breach of contract, substantial events include not only the location of the breach, but also the locations where the contract was presented, executed, or intended to be performed). Furthermore, the Assistant Administrator's approval of Amendment 56 and promulgation of the Rule is only unlawful because the Council's vote taken in Mobile is unlawful.

Finally, other plaintiffs bringing claims similar to Plaintiffs' claims have successfully grounded venue on the location of the Council's final vote. *See, e.g.*, *Bell*

9

*v. Raimondo*, No. 23-cv-160, ECF No. 1 ¶¶ 7, 18 (S.D. Miss. June 30, 2023). Venue is proper in the Southern District of Alabama.

2. **If the Court holds venue is improper here, it should not dismiss and instead transfer the case to the Middle District of Florida.**

For the reasons discussed above, venue is proper in this District. However, if this Court decides that venue is improper, Plaintiffs respectfully request this case not be dismissed and instead be transferred to the Middle District of Florida, where both Plaintiffs and Defendants reside.

As the Government notes, when venue is improper, the court "shall . . . if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it." *Boutwell v. Advance Const. Servs., Inc.*, No. 07-0447-WS-C, 2007 WL 2988238, at *3 (S.D. Ala. Oct. 11, 2007). That is particularly true here, because the extremely short 30-day statute of limitations has already run, 16 U.S.C. § 1855(f)(1); 89 Fed. Reg. at 40,419 (Rule was promulgated on May 10, 2024), and dismissal would therefore bar Plaintiffs from seeking redress for their injuries. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66 (1962) (noting the change-of-venue statute was designed to avoid "precisely" the "sort of injustice" when dismissal "would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake" in its choice of venue); *see also Curry v. Gonzales,* No. 1:05-cv-2710-WSD-AJB, 2006 WL 3191178, at *4 (N.D. Ga. Oct. 31, 2006) ("If the Court were to dismiss Plaintiff's civil action for improper venue, Plaintiff's attempt

10

to refile his civil action in a jurisdiction with proper venue would be time-barred because it would occur well after the 90 day filing requirement under Title VII. As a result, Plaintiff's civil action should be transferred.") (citations omitted); *Berry v. Salter,* 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) (finding that transfer of the case to a proper venue was in the interest of justice due to fact the statute of limitations had otherwise run on the plaintiff's claims). Thus, if the Court finds venue is improper here, it should transfer the case to a proper venue.

Venue is proper as to a federal officer or agency defendant in any district in which "a defendant in the action resides" or "the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Thus, given that Plaintiffs and Defendants both reside in the Middle District of Florida, venue is proper there. Defendants agree. Mot. 11 ("[V]enue is appropriate in the Middle District of Florida (given Plaintiffs' and Defendants' residence)."). Thus, if the Court finds venue is improper in the Southern District of Alabama, it should transfer the case to the Middle District of Florida. Though venue may also be proper in other districts, it is appropriate to give weight to Plaintiffs' preferred venue. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)).

### 3. The Court should not transfer venue sua sponte.

Finally, venue should not be transferred by this Court sua sponte pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), "transfer can only be granted where the balance

of convenience of the parties *strongly* favors the defendant." *Steifel Lab'ys, Inc. v. Galderma Lab'ys, Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008). As noted above, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260 (quoting *Howell*, 650 F.2d at 616). No consideration of justice or convenience makes other districts more favorable than the Southern District of Alabama, and certainly not so much more favorable as to justify disturbing Plaintiffs' choice of forum. If the Court wishes to transfer venue sua sponte under § 1404(a), Plaintiffs respectfully request notice and the opportunity to brief the issue. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("Before transferring sua sponte under section 1404(a), 'the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons.'").

## Conclusion

Venue is proper in the Southern District of Alabama, so this Court should neither dismiss nor transfer. But if this Court determines venue is improper in this District, the interests of justice favor transferring this case to the Middle District of Florida.

Dated: August 16, 2024.

                                            Respectfully submitted,

                                            */s/ Adam Griffin*
                                            ADAM GRIFFIN*
                                            PACIFIC LEGAL FOUNDATION
                                            3100 Clarendon Blvd.
                                            Suite 1000
                                            Arlington, VA 22201

Tel.: (336) 202-0082
AGriffin@pacificlegal.org

MICHAEL POON*
PACIFIC LEGAL FOUNDATION
555 Capitol Mall
Suite 1290
Sacramento, CA 95814
Tel.: (916) 419-7111
MPoon@pacificlegal.org
* *Pro hac vice*

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing document with the Clerk using the CM/ECF system. I certify further that the foregoing document was served on the following parties via U.S. First Class Mail.

Gina Raimondo
Secretary
United States Department
of Commerce
1401 Constitution Ave. N.W.
Washington, D.C. 20230

Sean P. Costello
U.S. Attorney for the Southern
District of Alabama
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL 36602

National Marine Fisheries Service
1315 East-West Highway, 14th Floor
Silver Spring, MD 20910

Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

Janet Coit
Assistant Administrator for Fisheries
National Marine Fisheries Service
1315 East-West Highway, 14th Floor
Silver Spring, MD 20910

*/s/ Adam Griffin*
ADAM GRIFFIN

*Attorney for Plaintiffs*