**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| DOMINICK RUSSO, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> GINA RAIMONDO, U.S. Secretary of Commerce, *et al.,* <br><br> *Defendants.* | No.: 1-24-cv-00186-WS-M |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*
BY THE GULF OF MEXICO REEF FISH SHAREHOLDERS' ALLIANCE AND
SEAFOOD HARVESTERS OF AMERICA**

## I.    INTRODUCTION

The Gulf of Mexico Reef Fish Shareholders' Alliance and the Seafood Harvesters of America (the proposed "*Amici*") are organizations that represent commercial fishermen and women with interests at stake in this case, and jointly seek leave by the Court's discretion to file a brief of *amici curiae*.  No party objects.

Like the Plaintiffs, members of *Amici* fish for gag grouper in the Gulf of Mexico, and so are presently suffering the very same harms Plaintiffs complain about from reduced catch limits implemented by the challenged action.  However, unlike Plaintiffs, *Amici* support the reduced catch limits as necessary to protect the stock of gag grouper and rebuild it for maximum long-term utilization.  *Amici* also disagree that there is any constitutional defect in the Gulf of Mexico Fishery Management Council, and rather view the Council as an important advisory body through which they participate in the process to manage fisheries.

*Amici* agree with the Defendants on the merits, and their proposed brief does not duplicate Defendants' merits arguments.  *Amici's* proposed brief focuses instead on the Plaintiffs' requested relief, and how that relief would be detrimental to the fisheries in the Gulf of Mexico and to the businesses owned by *Amici's* members.  Because their views may be helpful to the Court in resolving issues in this case, *Amici* respectfully ask the Court to grant this motion and accept their proposed brief.

## II.    IDENTITY AND INTERESTS OF AMICI

*Amici* represent members who fish commercially for gag grouper and other reef fish species in the Gulf of Mexico, and are directly regulated by the action at issue in this case, the Defendants' Final Rule implementing Amendment 56 to the Fishery Management Plan for the Reef Fish Resources of the Gulf of Mexico.  89 Fed. Reg. 40419 (May 10, 2024).

A.      **The Gulf of Mexico Reef Fish Shareholders' Alliance**

The Gulf of Mexico Reef Fish Shareholders' Alliance ("Shareholders' Alliance") is the largest organization of commercial grouper and snapper fishermen in the Gulf of Mexico. *See* AR011115. The Shareholders' Alliance works to ensure that fisheries are sustainably managed so its members' businesses can thrive and fishing communities can exist for future generations. *Id*. Its members provide much of the American public with a reliable source of domestically-caught wild Gulf seafood, harvested under a philosophy that sustainable seafood and profitable fishing businesses depend on healthy fish populations. *Id*.

Members of the Shareholders' Alliance hold individual fishing quota shares, or "IFQ" shares, authorizing them to catch and sell specific quantities of gag grouper and other reef fish species from the Gulf of Mexico each year. *See id.; see also Coastal Conserv. Ass'n v. Locke*, No. 2:09-cv-641, 2011 WL 4530631, at *3 (M.D. Fla. Aug. 16, 2011) (report and recommendation describing the IFQ program for grouper and tilefish); 50 C.F.R. § 622.22 (regulations governing the grouper/tilefish IFQ program). These IFQ shares are transferable and valuable regulatory entitlements in which holders have property rights. *See* 16 U.S.C. § 1853a(b)(5); 50 C.F.R. § 622.22(b)(6); *see also Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998) (for certain purposes, "[t]here can be no doubt that the IFQ permit is property.").

Members of the Shareholders' Alliance attend and testify at meetings of the Gulf of Mexico Fishery Management Council. *See, e.g.*, AR011116 and notes 1-3. The Shareholders' Alliance is the premier organization representing commercial reef fish fishermen in the Gulf of Mexico with members across all five Gulf states. AR011115.[1]

---

[1] *See* "About Us" on the Shareholders' Alliance's website, *available at*: https://shareholdersalliance.org/about-us.

**B.      Seafood Harvesters of America**

Seafood Harvesters of America ("Harvesters") is the largest commercial fishing association in the United States.[2]  Harvesters represents commercial fishing interests across the country from Alaska and the West Coast to the Gulf of Mexico and New England.  Its broad membership reflects the diversity of the nation's coastal communities, the complexity of its marine environments, and the enormous potential of the commercial fishing industry.  Based in Washington, D.C., and founded by commercial fishermen and women in 2014, Harvesters serves as a unified, strong, and influential voice for the commercial fishing industry that works to advance the policies and regulations that promote sustainable fisheries.  The Shareholders' Alliance is a member of Harvesters.

## III.      ARGUMENT

District courts have "'inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.'" *Mobile County Water, Sewer and Fire Protection Authority, Inc. v. Mobile Area Water and Sewer System, Inc.*, 567 F. Supp. 2d 1342, 1344 n. 1 (S. D. Ala. 2008) (quoting *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)).  The role of an *amicus* is to assist the court by "making suggestions" and "insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Id.* (quotation and citation omitted).  An *amicus* brief should not reiterate arguments already before the Court, but rather provide unique information or perspective.  *Id*.

*Amici* respectfully ask the Court to grant this motion because their proposed brief meets these requirements.  Although *Amici* agree with the Defendants on the merits, *Amici's* perspective is unique because, unlike Defendants, *Amici's* members own and operate fishing businesses that

---

[2] *See* "About Us" at the Harvesters' website, *available at*: https://seafoodharvesters.org/about-us.

could be affected by the Court's ruling in this case.  *Amici's* proposed brief largely adopts by reference the background information and merits arguments in Defendants' briefing, and thus is not duplicative and relatively short in length at less than eight pages.  *Amici* focus their arguments on the remedy, and contend that Plaintiffs' requested relief is overbroad and would be detrimental to the stock of gag grouper and other fish, and to the fishing businesses that depend upon those fish stocks.  *Amici* further contend that Plaintiffs' requested relief conflicts with Supreme Court precedent requiring a narrow, tailored remedy to the extent any remedy is required at all.

Consistent with the Federal Rules of Appellate Procedure, *see id.*, *Amici* are filing their proposed brief within seven days of Defendants' opening brief.  Fed. R. App. P. 29(a)(6).  Counsel for *Amici* conferred with counsel for the parties and neither Plaintiffs nor Defendants object to the filing of *Amici's* proposed brief.

### IV.    CONCLUSION

*Amici* submit that the Court may benefit from their views in reaching a decision in this case, and respectfully request that the Court grant this motion.   A copy of *Amici's* proposed brief is filed herewith.

Dated:  January 17, 2025

Respectfully submitted,

**K&L GATES LLP**

/s/ J. Timothy Hobbs
J. Timothy Hobbs (*pro hac vice* pending)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN 37203
(615) 514-1811
Tim.Hobbs@klgates.com

*Attorneys for Proposed* Amici Curiae